IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Donniel Woods, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | C/A No.: 9:17-cv-3336-TLW |
| v. | ) | |
| | ) | |
| Aaron Joyner, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Donniel Woods, proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2254. ECF No. 1. On April 6, 2018, Respondent filed a motion for summary judgment, ECF No. 14, which Petitioner opposed, ECF No. 17. This matter now comes before the Court for review of the Report and Recommendation (the Report) filed on June 13, 2018, by United States Magistrate Judge Bristow Marchant, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). ECF No. 20. In the Report, the Magistrate Judge recommends granting the Respondent's motion for summary judgment and dismissing the petition. *Id.* Petitioner filed objections to the Report on June 27, 2018, ECF No. 22, to which Respondent responded, ECF No. 23. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the

recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the applicable law, the record, and the objections. As stated in Petitioner's response to summary judgment and his objections, Petitioner argues that there are newly-discovered SLED DNA documents and medical records that prove his actual innocence. He also argues that they should have been presented at trial. However, the record reflects that these documents were available at trial and that trial counsel mentioned "helpful" information gleaned from the documents during closing statements. *See* ECF No. 13-1 at 229-230. Further, the documents were introduced in state PCR. ECF No. 13 at 17. The Court accepts the Magistrate Judge's careful factual and legal analysis, which concludes that Petitioner cannot raise a standalone claim for actual innocence or for ineffective assistance of PCR counsel, and that the

evidence he deems "newly discovered," is not new because it was available at trial and at state PCR. ECF No. 20. In his objections, Petitioner does not state a legitimate factual or legal basis for not accepting the Report. ECF No. 22. Therefore, after careful consideration, **IT IS ORDERED** that the Report, ECF No. 20, is **ACCEPTED**, and the Petitioner's Objections, ECF No. 22, are **OVERRULED**. Respondent's motion for summary judgment, ECF No. 14, is **GRANTED** and the Petition, ECF No. 1, is hereby **DISMISSED**.

The Court has reviewed this Petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

<u>s/Terry L. Wooten</u>
Senior United States District Judge

March 5, 2019
Columbia, South Carolina